FILED
WESTERN DISTRICT COURT CLERK
DISTRICT OF KY
10 MAY 17 AM 11: 46

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                                          CRIMINAL NO. _____

RONALD SNYDER                                               DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by David J. Hale, ~~Candace G. Hill,~~ United States Attorney for the Western District of Kentucky, and defendant, Ronald Snyder, and his attorney, Charlie Ricketts, have agreed upon the following:

1.  Defendant agrees to waive Indictment by the grand jury and to plead guilty to a felony Information which will be filed against defendant by the United States Attorney for the Western District of Kentucky. That information will charge defendant with mail fraud in violation of 18 U.S.C. § 1341.

2.  Defendant has read the charge against him contained in the Information, and that charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

3.  Defendant will enter a voluntary plea of guilty to Count 1 in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

    From March 2, 1998 until August 2009 Ronald Snyder fraudulently and illegally exercised dominion and control over a condominium with an address of 428 Sprite Road #2, Louisville, Kentucky. The condominium was owned by R.C. until his death on March 2, 1998. Following R.C.'s death, Snyder fraudulently exercised dominion and control over the condominium, including personally renting the condominium and keeping the rental

1

payments for his benefit. Snyder knowingly failed to locate the heirs of R.C. or cede control of the condominium to the state of Kentucky following R.C.'s death.

The value of the condominium as of the 2006 appraisal was $91,060. Snyder received at least $15,000 in rental payments during this period. The rental payments were sent by U.S. mail from the renters to Snyder.

4. Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of 20 years, a maximum fine of $250,000, and a three-year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A. If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant

would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8. The defendant and the United States agree that the restitution amount is $15,000 payable to the heirs of R.C. The defendant agrees to pay this amount prior to sentencing. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required. The parties agree that the $4,500 seized on September 4, 2009, case number: 3:09-MJ-224, shall be applied to the restitution amount. In addition, the defendant to execute an agreed order relinquishing any claim to the $4,500 prior to sentencing.

9. The defendant agrees to complete and execute any necessary documents to relinquish control over Unit #2, Sprite road, Louisville, Kentucky, so that the proper heirs of R.C.

3

may take legal possession and control.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by the date of sentencing.

> -recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

> -recommend a fine at the lowest end of the applicable Guideline range, to be due and payable on the date of sentencing.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

    A. The Applicable Offense Level should be determined as follows:

| | |
|---|---|
| USSG § 2B1.1(a)(2) [Base Offense Level]: | 7 |
| USSG § 2B1.1(b)(1)(E) [Loss more than $70,000]: | +8 |
| USSG § 3B1.3 [abuse of position of trust] | +2 |
| USSG §3 E1.1 [Acceptance of Responsibility]: | -2 |
| Total Offense Level: | 14 |

    B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

    C. The foregoing statements of applicability of

sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

13. Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001, or obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, or 1510, should defendant commit any of those offenses during the cooperation phase of this Agreement. Should defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against defendant in any such prosecution.

14. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense[s] covered by this Agreement.

15. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

17. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. The defendant, while agreeing that the estimated Guideline calculation in paragraph 10(A) is accurate, retains the right to argue for a variance based on the sentencing factors set forth in 18 U.S.C. § 3553.

18. This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

~~CANDACE G. HILL~~ David J. Hale
United States Attorney

By:

s/ Bry                5/17/10
Bryan Calhoun            Date
Assistant U.S. Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

/s/ Ronald Snyder        5/17/10
Ronald Snyder          Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

/s/ Charlie Ricketts      5/17/10
Charlie Ricketts         Date
Counsel for Defendant

CGH:BRC: 4/13/10